[No. B153539. Second Dist., Div. Five. Jan. 15, 2003.]

JORGE L. JUAREZ, Plaintiff and Appellant, v.
21ST CENTURY INSURANCE COMPANY, Defendant and Respondent.

**COUNSEL**

Law Offices of Christian R. Juarez and Christian R. Juarez for Plaintiff and Appellant.

Horvitz & Levy, David S. Ettinger, Jeremy B. Rosen; Law Offices of Reyes & Wolfe and Dorothy B. Reyes for Defendant and Respondent.

**OPINION**

**MOSK, J.—**

### INTRODUCTION

Plaintiff and appellant Jorge L. Juarez (Juarez) appeals from a summary judgment entered against him and in favor of defendant and respondent 21st

Century Insurance Company (21st Century) on the ground that Juarez did not satisfy the statutory condition for bringing a cause of action related to a claim under an insurance policy's uninsured motorist provisions within the time allowed under Insurance Code section 11580.2, subdivision (i). Juarez contends that 21st Century was not entitled to judgment because 21st Century was estopped from asserting the statutory condition due to its failure to give Juarez notice of the time limit for satisfying that condition. We hold that 21st Century had no duty to give Juarez notice of the statutory time limit because, under the statute, the time limit does not apply when, as in this case, the company had received written notice that the claimant was represented by counsel. Therefore the trial court properly entered summary judgment against Juarez. Accordingly, we affirm the judgment.

## BACKGROUND

The relevant facts are undisputed. Juarez was injured in an automobile accident with an uninsured motorist on March 19, 1996. At the time of the accident, Juarez was driving his son's pickup truck. Although Juarez was insured by 21st Century at the time of the accident and his insurance policy included coverage for injuries resulting from an accident with an uninsured motorist, the policy covered such injuries only when they resulted from an accident while Juarez was driving an "insured automobile" or an "additional insured automobile." Juarez made a claim for benefits under his policy with 21st Century, but, after an investigation, 21st Century denied the claim on June 25, 1996, on the ground that Juarez's son's pickup truck was neither an "insured automobile" nor an "additional insured automobile."

Juarez filed an amended complaint against 21st Century alleging claims for breach of contract and breach of the implied covenant of good faith and fair dealing. 21st Century moved for summary judgment on the ground that Juarez failed to satisfy a condition precedent under Insurance Code section 11580.2, subdivision (i), for accrual of a cause of action related to uninsured motorist provisions in an automobile insurance policy. Subdivision (i)(1) of Insurance Code section 11580.2 states that an insured's cause of action related to uninsured motorist provisions does not accrue unless one of three actions is taken within a year from the date of the accident —(1) a lawsuit is filed against the uninsured motorist, (2) an agreement is reached as to the amount due under the policy, or (3) the insured institutes arbitration proceedings.

In opposition, Juarez did not dispute that he had not satisfied that prerequisite. Nor did he dispute that his attorney's letter to 21st Century on October 31, 1996, informing 21st Century that Juarez had retained the

attorney to represent him regarding Juarez's claim and 21st Century's denial of the claim, precluded the application of the tolling provision of Insurance Code section 11580.2, subdivision (h).

Instead, Juarez argued that 21st Century was estopped to assert the statutory condition because 21st Century failed to notify him of the statutory time limit for satisfying the prerequisite. Juarez contended (and contends on appeal) that notwithstanding the provisions of Insurance Code section 11580.2, subdivision (k)—which states that an insurer has no duty to provide notice of the statutory time limit if the insurer receives notice that the insured is represented by counsel—21st Century was required by California Code of Regulations, title 10, section 2695.4 (hereafter regulation section 2695.4) to give notice of any time limits applicable to Juarez's claims regardless of whether he was represented by counsel.

The trial court granted 21st Century's summary judgment motion, finding that Insurance Code section 11580.2, subdivision (k), rather than regulation section 2695.4, governed the issue of notice because Insurance Code section 11580.2 is a statute, rather than an administrative regulation, and the statute specifically applied to the situation presented by this case, i.e., a complaint involving claims under uninsured motorist policy provisions. Juarez filed an appeal from the resulting judgment.[1]

## DISCUSSION

Insurance Code section 11580.2, which governs uninsured motorist coverage, provides in relevant part: "No cause of action shall accrue to the insured under any policy or endorsement provision issued pursuant to this section unless one of the following actions have been taken within one year from the date of the accident: [¶] (A) Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction. [¶] (B) Agreement as to the amount due under the policy has been concluded. [¶] (C) The insured has formally instituted arbitration proceedings by notifying the insurer in writing sent by certified mail, return receipt requested. Notice shall be sent to the insurer or to the agent for process designated by the insurer filed with the department." (Ins. Code, § 11580.2, subd. (i)(1).) That same statute also provides that "[t]he doctrines of estoppel, waiver, impossibility, impracticality, and futility apply to excuse a party's noncompliance

---

[1]The judgment was entered even though 21st Century had filed a cross-complaint and its summary judgment motion did not address the cross-complaint. After we questioned the parties about the pendency of the cross-complaint and whether we had jurisdiction due to the absence of a final judgment disposing of all matters, 21st Century filed a request for dismissal with prejudice of the cross-complaint. We take judicial notice of the dismissal of the cross-complaint and find that we have jurisdiction to consider Juarez's appeal. (See, e.g., *Roy Brothers Drilling Co. v. Jones* (1981) 123 Cal.App.3d 175, 180-181 [176 Cal.Rptr. 449].)

with the statutory timeframe, as determined by the court." (Ins. Code, § 11580.2, subd. (i)(3).)

It is undisputed that Juarez did not file a lawsuit against the uninsured motorist who injured him, that no agreement between Juarez and 21st Century was concluded, and that Juarez did not institute arbitration proceedings regarding his claim. Thus, as of June 27, 2001, when Juarez filed his response to 21st Century's separate statement, Juarez had not complied with the requirement for the accrual of a cause of action under the uninsured motorist provisions of his insurance policy. Because the statutory requirement had yet to be satisfied more than five years after the date of the accident, under Insurance Code section 11580.2, subdivision (i)(1), no cause of action against 21st Century had accrued or could accrue to Juarez unless the trial court determined that the doctrine of estoppel, waiver, impossibility, impracticality, or futility applied.

Juarez contended in the trial court, and contends on appeal, that 21st Century is estopped from asserting the statutory time limit because it failed to give him notice of the time limit. Because Juarez's estoppel theory is based upon 21st Century's silence, it can succeed only if Juarez establishes that 21st Century had a duty to give notice. (See, e.g., *Spray, Gould & Bowers v. Associated Internat. Ins. Co.* (1999) 71 Cal.App.4th 1260, 1268 [84 Cal.Rptr.2d 552] (*Spray, Gould*) ["It is well established that mere silence will not create an estoppel, unless there is a duty to speak"].) Although subdivision (k) of Insurance Code section 11580.2 imposes a duty on insurers to give their insured notice of the statutory time limit found in subdivision (i), subdivision (k) specifically states that "[t]he notice shall not be required if the insurer has received notice that the insured is represented by an attorney." (Ins. Code, § 11580.2, subd. (k).) Juarez acknowledges this language in subdivision (k) and admits that 21st Century was notified that he was represented by an attorney, but he asserts that regulation section 2695.4 imposes on insurers a separate duty to notify an insured of the time limit found in Insurance Code section 11580.2, subdivision (i), regardless of whether the insured is represented by an attorney.

Regulation section 2695.4, which was promulgated under Insurance Code section 790.10 (see· *Spray, Gould, supra*, 71 Cal.App.4th at p. 1269), provides in relevant part: "Every insurer shall disclose to a first party claimant or beneficiary, all benefits, coverage, time limits or other provisions of any insurance policy issued by that insurer that may apply to the claim presented by the claimant. . . ." (§ 2695.4, subd. (a).) Although neither Juarez nor 21st Century addresses the issue, we question whether regulation section 2695.4 applies at all under the circumstances present in this case because by

its plain language the regulation requires disclosure of time limits *contained in an insurance policy* rather than time limits set forth in a *statute*.[2] But even if regulation section 2695.4 did require insurers to disclose statutory time limits, it cannot be applied in matters involving uninsured motorist coverage when the insured is represented by counsel, such as this case, because doing so would contravene the clear language of Insurance Code section 11580.2, subdivision (k), which eliminates any such disclosure requirement when the insured has an attorney. A statute overrides any inconsistent provision in a regulation. (See, e.g., *California Teachers Association v. Commission on Teacher Credentialing* (1992) 7 Cal.App.4th 1469, 1475 [10 Cal.Rptr.2d 126] ["administrative regulations may not contravene the terms or exceed the scope of the statutes under which they have been adopted"]; see also *Assn. for Retarded Citizens v. Department of Developmental Services* (1985) 38 Cal.3d 384, 391 [211 Cal.Rptr. 758, 696 P.2d 150].)[3] Moreover, because Insurance Code section 11580.2 is a specific provision that explicitly applies to coverage provisions for injuries caused by uninsured motorists, it governs over any general provision. Regulation section 2695.4 is a general provision. (See, e.g., *San Francisco Taxpayers Assn. v. Board of Supervisors* (1992) 2 Cal.4th 571, 577 [7 Cal.Rptr.2d 245, 828 P.2d 147] [" 'It is well settled . . . that a general provision is controlled by one that is special, the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates' "].)

*Spray, Gould* and *Neufeld v. Balboa Ins. Co.* (2000) 84 Cal.App.4th 759 [101 Cal.Rptr.2d 151] (*Neufeld*) are not applicable here. Both of those cases involved contractual time limits, and neither involved claims related to injuries caused by uninsured motorists. (*Spray, Gould, supra,* 71 Cal.App.4th at p. 1263 [noting that claim involved loss suffered as a result of the Northridge earthquake and that insurer raised "a contract limitations affirmative defense"]; *Neufeld, supra,* 84 Cal.App.4th at p. 760 [noting that claim involved losses incurred when the roof of the insured's ski lodge collapsed and that insurer "moved for summary judgment on the policy's contractual one-year statute of limitations"].) Thus, in those cases regulation section 2695.4 specifically applied and Insurance Code section 11580.2 did not.

Juarez finally contends that Insurance Code section 11580.2 is a remedial statute that must be liberally construed to effectuate its purpose and that

---

[2]A separate regulation imposing a duty on insurers to give notice of *statutory* time limits provides that the insurer is not required to give notice to a first party claimant in a matter involving an uninsured motorist if the claimant is represented by counsel. (Cal. Code Regs., tit. 10, § 2695.7, subd. (f).)

[3]One could argue that in view of California Code of Regulations, title 10, section 2695.7, there is no inconsistency between the regulations and the statute.

because the statute's purpose is to ensure that insured drivers injured by uninsured motorists are protected, we should interpret the statute to allow his lawsuit to proceed even though he admittedly did not comply with a statutory condition. We cannot interpret the statute as Juarez suggests because the language of the statute is clear and unambiguous. Despite the statute's overall remedial purpose, the statutory language clearly shows that the Legislature intended to impose strict prerequisites and time limits for claims involving uninsured motorists, and that the Legislature intended to relieve an insurer of its duty to disclose the statutory time limit if the insured was represented by an attorney. We cannot ignore this explicit language that demonstrates legislative intent. (See *Diamond Multimedia Systems, Inc. v. Superior Court* (1999) 19 Cal.4th 1036, 1047 [80 Cal.Rptr.2d 828, 968 P.2d 539] [" 'If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs' "].)

## DISPOSITION

The judgment is affirmed. Respondent 21st Century shall recover its costs on appeal.

Turner, P. J., and Armstrong, J., concurred.