**In re: Ronald Charles LAPEKAS;**

**In re: Susan Canon Lapekas, Debtors,**

**Susan Cannon Lapekas,
Plaintiff–Appellant,**

**v.**

**United Services Automobile Association, Defendant–Appellee.**

**No. 04–56795.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2006 *.

Filed Jan. 10, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald C. Lapekas, Esq., Arcadia, CA, for Debtors.

Erin Hallissy, Esq., Daniels, Fine, Israel & Schonbuch, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: BEEZER, WARDLAW and PAEZ, Circuit Judges.

MEMORANDUM **

Susan Cannon Lapekas appeals from the district court's affirmance of the bankrupt-

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

cy court's judgment in favor of Lapekas' insurer, United Services Automobile Association ("USAA"). We have jurisdiction under 28 U.S.C. § 158(d)(1). We affirm.[1]

## I

Lapekas argues that USAA (a) forfeited its contractual right to arbitration, (b) impliedly waived that right, or (c) is equitably estopped from asserting that right. We address each of these arguments in turn.

### A

Under California law, an insurer has a duty to inform its insured of any applicable time limits affecting the insured's UIM claim. *See* Cal. Ins.Code § 11580.2(k) (insurer required to "notify its insured in writing of the statute of limitation applicable to the injury").

■■■ USAA was excused from its duty to inform Lapekas of the relevant time limits because she was represented by counsel. *See id.; Juarez v. 21st Century Ins. Co.,* 105 Cal.App.4th 371, 129 Cal. Rptr.2d 418, 421 (Ct.App.2003) (section 11580.2(k) "cannot be applied in matters involving uninsured motorist coverage when the insured is represented by counsel"). Although USAA did not respond in writing to Lapekas' conditional arbitration demand, there was ample communication between the parties from February to October 1993 about Lapekas' claim.

The bankruptcy court properly rejected Lapekas' argument that USAA forfeited its arbitration rights.

### B

An insurer may waive its contractual right to arbitration by express agreement or by conduct "so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." *Waller v. Truck Ins. Exch., Inc.,* 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 900 P.2d 619, 637 (1995) (internal quotation omitted).

■■■ The bankruptcy court correctly found that Lapekas was not prepared to arbitrate when she made her demand in February 1993 because the extent of her alleged injuries was not yet fully known. USAA's silence in response to a conditional arbitration demand does not constitute clear and convincing evidence of a knowing waiver. *See id.* at 636 ("[D]oubtful cases will be decided against a waiver." (internal quotation omitted)).

The bankruptcy court properly concluded that USAA had not impliedly waived its arbitration rights.

### C

An insurer may be equitably estopped from asserting a contractual right if, among other factors, the insured reasonably believed that the insurer intended to relinquish the right. *See Granco Steel, Inc. v. Workmen's Comp. Appeals Bd.,* 68 Cal.2d 191, 65 Cal.Rptr. 287, 436 P.2d 287, 295 (1968).

■■■ USAA's failure to respond in writing to Lapekas' conditional arbitration demand could not have induced Lapekas to reasonably believe that USAA intended to relinquish its right to arbitration. Any such belief became particularly unreasonable after USAA insisted on an independent medical examination to verify Lapekas' alleged injuries.

The bankruptcy court properly concluded that Lapekas did not meet her burden

---

**1.** Because the parties are familiar with the facts of the case, we do not recite them in detail in this disposition.

to establish all elements of equitable estoppel against USAA.

## II

Lapekas argues that even if USAA did not relinquish its contractual arbitration rights, the five-year limitations period within which she had to complete arbitration has been equitably tolled.

Equitable tolling requires a showing that the plaintiff demonstrated good faith and reasonable conduct in pursuing an alternative remedy. *See Downs v. Dep't of Water & Power*, 58 Cal.App.4th 1093, 68 Cal.Rptr.2d 590, 593 (Ct.App.1997).

After invoking the policy's arbitration provisions, Lapekas remained free to commence arbitration at any time before the limitations period expired. USAA reciprocated by offering to commence arbitration in 1994, well within the limitations period. Lapekas' choice to disregard USAA's offer and pursue litigation to the present date cannot fairly be called a "rational and reasonable decision to pursue one remedy in order to eliminate the need to pursue the other." *Garabedian v. Skochko*, 232 Cal.App.3d 836, 283 Cal.Rptr. 802, 807 (Ct.App.1991); *cf. Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1134 (9th Cir.2001) (en banc) (plaintiff sued only after receiving DHS findings that defendant had violated numerous health and safety regulations).

The bankruptcy court properly concluded that the five-year limitations period had not been tolled and thus expired in 1998.

**AFFIRMED.**