**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DONNA C. RAY, | No. 11–15504 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05598-RS |
| v. | |
| | MEMORANDUM[*] |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted October 19, 2012[**]
San Francisco, California

Before: FISHER, TALLMAN, and CALLAHAN, Circuit Judges.

Plaintiff-Appellant Donna C. Ray appeals the district court's decision

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

granting summary judgment on her claims relating to Defendant-Appellee

Prudential Insurance Company of America ("Prudential")'s denial of her claim for

long-term disability benefits.  Prudential denied Ray's claim in 1995, but Ray did

not file this action until 2009.  Ray concedes that her claims are time barred unless

the doctrines of equitable estoppel or waiver apply.  We review the district court's

decision to grant summary judgment de novo.  *Michelman v. Lincoln Nat'l Life*

*Ins. Co.*, 685 F.3d 887, 892 (9th Cir. 2012) (citation omitted).  We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. [1]

Relying on *Spray, Gould & Bowers v. Associated International Insurance*

*Co.*, 71 Cal. App. 4th 1260, 1266-74 (1999), Ray argues that equitable estoppel

should preclude Prudential from asserting the statute of limitations defense because

it had a duty to disclose the statute of limitations to her pursuant to Cal. Code Regs.

tit. 10, § 2695.4(a) and § 2695.7(f).  Section 2695.4(a) does not apply here because

by its own terms it applies to "time limits . . . of any insurance policy" and not a

statutory limitations period.  *See, e.g.*, *Juarez v. 21st Century Ins. Co.*, 105 Cal.

App. 4th 371, 375-76 (2003) (stating that "by its plain language the regulation

requires disclosure of time limits *contained in an insurance policy* rather than time

---

[1] The parties are familiar with the facts, and we repeat them here only as necessary to explain our decision.

limits set forth in a *statute*").

Ray raises her argument concerning § 2695.7(f) for the first time on appeal. Although Ray argues that this presents a "purely legal issue," there was evidence in the record suggesting that Ray was represented by counsel in 1995, which would thereby have relieved Prudential of any obligation under § 2695.7(f). This is a factual issue that is dependent on the factual record developed by the parties before the district court and if we were to consider it, it would necessarily prejudice Prudential. *See Dream Palace v. Cnty. of Maricopa*, 384 F.3d 990, 1005 (9th Cir. 2004). Accordingly, we decline to consider it.

Ray also argues that Prudential waived the statute of limitations defense by agreeing to consider her 2008 appeal on the merits. Generally, an insurer's "denial of coverage on one ground does not, absent clear and convincing evidence to suggest otherwise, impliedly waive grounds not stated in the denial." *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 31 (1995). Additionally, the Supreme Court of California has previously stated that an insurer's failure to invoke an applicable limitation when denying a claim "cannot, as a matter of law, amount to a waiver[.]" *Prudential-LMI Commercial Ins. v. Superior Court*, 51 Cal. 3d 674, 690 n.5 (1990). Applying California law, we have previously explained that we are bound by *Prudential-LMI*. *See Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1163-64 (9th

3

Cir. 1995).  Under the applicable law, Prudential did not waive the statute of

limitations defense by considering Ray's belated appeal on the merits long after the

limitations period had expired.

**AFFIRMED**.

4