Filed 6/28/24  Kazemi v. Farmers Insurance Exchange CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DAVID KAZEMI, | B330677 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22STCV03779) |
| v. | |
| FARMERS INSURANCE EXCHANGE, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen I. Goorvitch, Judge.  Affirmed.

Siamak (Mac) Ebrahim Nehoray for Plaintiff and Appellant.

Demler, Armstrong & Rowland, James P. Lemieux and David W. Jennings for Defendant and Respondent.

_____

An insured demanded arbitration of his underinsured motorist (UIM) claim. He did not arbitrate within five years, as required by statute. (Ins. Code, § 11580.2, subd. (i)(2)(A).)[1] The trial court found that his failure to arbitrate was not excused. (*Id.*, subd. (i)(3).) It granted the insurer's motion for summary judgment.

It is undisputed that the insured initiated arbitration in 2014, and the statutory limitation period lapsed in 2019. During that time, the parties did not agree on damages, and the insured did not submit to the independent medical exam (IME) authorized by statute until the insurer secured a court order for one in 2019. The insured had the burden to monitor the statutory period and did not demonstrate any plausible excuse for his failure to do so. We affirm the judgment.

## FACTS AND PROCEDURAL HISTORY
### Kazemi's Lawsuit

In January 2022, appellant David Kazemi filed suit against his insurer, respondent Farmers Insurance Exchange. The suit arises from Farmers' alleged failure to pay Kazemi's UIM claim. Kazemi's amended complaint asserts claims for breach of contract; breach of the implied covenant of good faith and fair dealing; bad faith; and unfair trade practices.

### Farmers' Motion for Summary Judgment

Kazemi's policy from Farmers covers damages incurred in an accident caused by an uninsured or underinsured motorist. If the parties cannot agree on damages, they must arbitrate. As part of the claims process, Farmers may require an IME.

---

[1] Undesignated statutory references are to the Insurance Code.

Kazemi was in a car accident on August 8, 2013. He settled with the other motorist, whose auto policy had a $15,000 liability limit. Kazemi made a UIM claim to Farmers. Based on Kazemi's medical information and settlement with the other motorist, Farmers offered him $10,498. He rejected the offer and demanded arbitration on September 4, 2014.

After engaging in discovery, Farmers offered $17,000 to resolve the claim. Kazemi's attorney rejected the offer in February 2016, saying his client wanted to proceed with arbitration. In June 2016, Farmers offered $22,380 and requested an IME. Kazemi rejected the offer in July 2016. He also rejected a mediation proposal from Farmers.

Farmers gave notice for a November 10, 2016 IME. Kazemi cancelled at the last minute and paid the doctor's fee for missing the exam. Farmers gave notice for a May 2017 IME, but Kazemi cancelled. Farmers gave notice for an IME on September 13, 2017. Kazemi did not attend it. Farmers's adjustor tried to reach Kazemi's counsel four times in January, February, and March 2018, and was told that Kazemi wanted to proceed with arbitration. Farmers gave notice of an IME for June 27, 2018. The parties dispute whether Kazemi went to the doctor's office that day.

In October 2018, Farmers opened a court case, then moved to compel an IME. On August 6, 2019, the court granted the motion and ordered Kazemi to attend an IME: He did so on August 14, 2019. It is undisputed that the statutory period for completing the arbitration lapsed on September 4, 2019. Kazemi was represented by counsel for the entire period.

3

In February 2020, Kazemi's attorney demanded immediate arbitration. Farmers replied that the five-year statutory period had lapsed. Kazemi filed suit almost two years later.

Farmers sought summary judgment on the grounds that Kazemi's claims are barred by the five-year limitation period in section 11580.2. Because no contractual benefits are due, he cannot sue for bad faith. Kazemi failed to submit to an IME, and Farmers never waived its right to demand that he complete arbitration within five years. Kazemi did not show that he diligently pursued resolution of his claim or was misled by Farmers's acts or omissions.

**Kazemi's Opposition**

Kazemi demanded arbitration on September 4, 2014. He missed IME's because counsel was unable to accompany him in November 2016; he went to a graduation ceremony in May 2017; and he simply failed to show up for the IME in September 2017. Kazemi claims he presented himself for an IME in June 2018 but was told that the doctor was not there. Kazemi was willing to stipulate to an IME in 2019, but Farmers moved to compel the IME. Kazemi complied with the court order on August 14, 2019.

Kazemi argued that Farmers "refused to participate in any arbitration unless and until an IME of Plaintiff was conducted." After the IME, his counsel took no action until February 2020, when he demanded that the dispute be arbitrated "immediately." Farmers replied that the limitations period for arbitration had lapsed.

Kazemi deposed Farmers's attorney, Marcella Wilson, who handled his claim. Wilson testified that Kazemi failed to show up for his IME in June 2018: The doctor's receptionist said that no one came at all. Kazemi refused to stipulate to an IME that

4

"would be equivalent to a court order" in that his UIM claim would be dismissed if he failed to appear. Wilson denied calendaring the five-year expiration date because it was not Farmers's responsibility. She realized that five years had lapsed when Kazemi's attorney called her to schedule an arbitration in February 2020. Farmers was entitled to an IME before arbitration. Wilson would have scheduled an arbitration after the IME, before the five-year statute expired, had Kazemi requested it.

Kazemi asserted that Farmers's bad faith is a disputed fact that cannot be resolved on summary judgment. Farmers "arbitrarily and without justification closed the file, rejected the claim and refused to participate in any arbitration of the dispute, falsely claiming that the dispute was time-barred," which breached the insurance contract and the covenant of good faith and fair dealing.

Kazemi argued that lapse of the five-year statute is dependent "on factual issues such as waiver and estoppel." Kazemi cited no facts showing he was lulled into a sense of security that prevented him from acting before the statute ran; or that Farmers failed to investigate within a reasonable time; or that arbitration was delayed while he awaited exhaustion of the at-fault motorist's policy.

**Farmers's Reply**

Farmers asserted that Kazemi failed to identify a single disputed issue of material fact. It is undisputed that he failed to arbitrate within five years after repeatedly missing IME's. Farmers did not waive the five-year period and Kazemi did not show his failure to comply with the statute was excused. He was

5

simply not diligent and forfeited policy benefits.  He had the burden of completion after demanding arbitration.

**The Trial Court's Ruling**

The court wrote that "largely undisputed" facts show Kazemi failed to complete arbitration in five years, which bars his claims.  The delay was unexcused.  Farmers defended Kazemi's UIM claim in an ordinary manner, and its reluctance to pay is not a ground for estoppel.  Farmers repeatedly demanded an IME.  The record demonstrates that Kazemi caused delays by failing to undergo an IME from 2016 until August 2019, when the court ordered it.  Kazemi was passive instead of facilitating the IME as the arbitration deadline approached.  The court granted the motion and entered judgment for Farmers.

**DISCUSSION**

**1. Appeal and Review**

The judgment is appealable.  (Code Civ. Proc., § 904.1., subd. (a)(1).)  Summary judgment is appropriate when no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law.  (Code Civ. Proc., § 437c, subd. (c).)  We examine the record de novo to determine if triable issues exist.  (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767.)  Evidence presented in opposition to summary judgment is liberally construed.  (*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.)

**2.  Arbitration Under Section 11580.2**

**a.  Kazemi missed the statutory deadline**

An arbitrator decides if an insured is entitled to UIM damages and the amount of damages.  (§ 11580.2, subd. (f); *Bouton v. USAA Casualty Ins. Co.* (2008) 43 Cal.4th 1190, 1193; *Freeman v. State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473,

480.)  While the matter is pending, "the insurer may require the insured . . . to make himself or herself available for a medical examination."  (§ 11580.2, subd. (o).)

Arbitration "shall be concluded . . . [¶] . . . [w]ithin five years from the institution of the arbitration proceeding."  (§ 11580.2, subd. (i)(2)(A).)  The right to arbitrate is lost if the arbitration is not concluded within five years, akin to statutes mandating dismissal for failure to prosecute.  (*Santangelo v. Allstate Ins. Co.* (1998) 65 Cal.App.4th 804, 813–814.)  A claimant is obliged to monitor the statutory limitation period; the obligation to exercise diligence increases as the deadline approaches.  (*Jordan v. Superstar Sandcars* (2010) 182 Cal.App.4th 1416, 1422; *Allstate Ins. Co. v. Gonzalez* (1995) 38 Cal.App.4th 783, 792–793.)[2]

Kazemi formally initiated arbitration, in writing, on September 4, 2014.  (§ 11580.2, subd. (i)(1)(C).)  Farmers made three offers to settle, all rejected, and repeatedly scheduled IME's.  (*Id.*, subd. (o).)  Kazemi did not undergo an IME until he was ordered to, or ask Farmers to stipulate to extend the limitations period.  (*Id.*, subd. (i)(4).)  No arbitrator had been selected and no proceeding had begun by September 4, 2019.  The five-year statutory period lapsed.  (*Id.*, subd. (i)(2)(A).)

---

[2] Kazemi questions whether section 11580.2 applies to underinsured motorist claims.  The statute reads, "An uninsured motor vehicle includes an underinsured motor vehicle." (§ 11580.2, subd. (a)(2).)  The arbitration provision applies to underinsured vehicle claims because it does not conflict with subdivision (p) of section 11580.2.

### b. Kazemi did not show an excuse for missing the deadline

An insured may be relieved of his failure to timely complete arbitration if "doctrines of estoppel, waiver, impossibility, impracticality, and futility apply to excuse a party's noncompliance with the statutory timeframe, as determined by the court." (§ 11580.2, subd. (i)(3).) Kazemi argues that this presents a triable issue of fact.

Section 11580.2 states that "the court" determines if equitable doctrines apply; it is not a jury issue. A court has discretion to determine if it was impossible, impracticable, or futile to meet a statutory limitation period. (*Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1100; *Mills v. Forestex Co.* (2003) 108 Cal.App.4th 625, 639–641 [abuse of discretion standard applied on summary judgment, where the plaintiff claimed tolling, estoppel, delayed accrual, or fraudulent concealment excused a claim that was time-barred on its face].)

Kazemi claims it was "impossible" to complete arbitration in five years because Farmers waited too long to obtain a court order compelling his attendance at an IME. But had he cooperated, Farmers would not have sought an order to compel. His failure to attend IME's from 2016 to 2019 did not make compliance with the five-year statute impossible or excuse his failure to arbitrate. If he felt Farmers was stalling, his remedy was to ask the court to set an arbitration date. (*American Home Assurance Co. v. Benowitz* (1991) 234 Cal.App.3d 192, 201.) When a party can avoid expiration of a five-year statute by seeking judicial relief, "failure to bring such motion will preclude a later claim of impossibility or impracticability." (*Tejada v. Blas* (1987) 196 Cal.App.3d 1335, 1340.)

Farmers is not estopped from asserting the limitations period because Kazemi presented no evidence that Farmers

misled him about the necessity of completing arbitration within five years. Estoppel only applies if a defendant's "statement or conduct . . . amount[s] to a misrepresentation bearing on the *necessity* of bringing a timely suit." (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 384, fn. 18.)

Farmers may assert the five-year limitation in section 11580.2 even if it did not warn Kazemi. " 'It is well established that mere silence will not create an estoppel, unless there is a duty to speak.' " (*Juarez v. 21st Century Ins. Co.* (2003) 105 Cal.App.4th 371, 375 (*Juarez*).) An insurer has no duty to warn of the statutory time limit if the insured is represented by an attorney. (*Id.* at pp. 375–376, citing § 11580.2, subd. (k).) Kazemi was represented by counsel. As a result, Farmers did not need to give notice of the arbitration deadline. (See *Jordan v. City of Sacramento* (2007) 148 Cal.App.4th 1487, 1496 [a party's "failure to remind the other party about a statute of limitations cannot give rise to an estoppel"].)

## 3. Effect of Kazemi's Failure to Arbitrate

As discussed above, Kazemi did not arbitrate within five years. The *Juarez* case shows the effect of this lapse. Juarez was injured in an accident with an uninsured motorist. He sued his insurer for breach of contract and bad faith after it denied his uninsured motorist claim. The insurer was granted summary judgment on the ground that Juarez failed to timely arbitrate. (*Juarez, supra,* 105 Cal.App.4th at pp. 373–374.)

The appeals court affirmed. It rejected Juarez's estoppel argument: His insurer had no duty to alert him to the statutory time limit because he was represented by counsel. (*Juarez, supra,* 105 Cal.App.4th at p. 375.) The court concluded that the statute is unambiguous and "clearly shows that the Legislature intended to impose strict prerequisites and time limits for claims

9

involving uninsured motorists." (*Id*. at p. 377; accord, *Blankenship v. Allstate Ins. Co.* (2010) 186 Cal.App.4th 87, 100.)

An insurer may risk a bad faith claim if it engages in false or misleading conduct with its insured prior to arbitration. For example, if the insurer arranges for its doctor to prepare a report that falsely minimizes the seriousness of the insured's injury, the insured may, after receiving a policy limit arbitration award, sue for bad faith. (*Brehm v. 21st Century Ins. Co.* (2008) 166 Cal.App.4th 1225, 1231–1232, 1241–1243.) An insurer cannot " 'stonewall' " claimants by refusing to pay until ordered to do so by an arbitrator. (*Hightower v. Farmers Ins. Exchange* (1995) 38 Cal.App.4th 853, 863.) In both *Brehm* and *Hightower,* the insureds completed arbitration, as required by section 11580.2, before suing for bad faith.

Kazemi did not complete arbitration or prove that Farmers prepared a false medical report or stonewalled him. Kazemi alleges only that Farmers "refus[ed] to arbitrate" or compensate him. Undisputed evidence shows that Farmers made settlement offers and exercised its right to an IME. Exercising the right to arbitrate a dispute is not bad faith. (§ 11580.26, subd. (b) ["No cause of action shall exist against either an insured or insurer from exercising the right to request arbitration" under section 11580.2].) When Farmers closed its file in 2020, it did so because the deadline for arbitration had passed.

By failing to arbitrate for over five years, Kazemi lost his right to policy benefits. "[T]here can be no breach of the implied covenant of good faith and fair dealing if no benefits are due under the policy: '[T]he covenant is based on the contractual relationship between the insured and the insurer. . . . Absent that contractual right [to policy benefits], the implied covenant has nothing upon which to act as a supplement, and "should not be

10

endowed with an existence independent of its contractual underpinnings." ' (*Waller v. Truck Ins. Exchange, Inc.* [(1995)] 11 Cal.4th [1] at p. 36.)" (*Brehm v. 21st Century Ins. Co.*, *supra,* 166 Cal.App.4th at p. 1235.)  With no right to policy benefits or a claim of bad faith, Kazemi cannot recover damages.

## DISPOSITION

The judgment is affirmed.  Appellant must bear all costs on appeal.

NOT TO BE PUBLISHED.


                                                       LUI, P. J.

We concur:



ASHMANN-GERST, J.



HOFFSTADT, J.